WILLIAM ENNOR

v.

GALENA & SOUTHERN WISCONSIN RAILROAD COM-
PANY ET AL.

*Proceeding to Enjoin the Collection of Judgment—Second Appeal—*
*Value of Bonds—Time.*

This court upon a second appeal in a proceeding to enjoin the collection of a certain judgment, the Supreme Court having held that the complainant is entitled to an allowance on the judgment of the value of certain bonds, holds that the complainant is entitled to credit for the value of the bonds at the time when the defendant disposed of them and became unable to deliver them upon his subscription.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Jo Daviess County; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. McCLELLAN, D. & T. J. SHEEAN & McHUGH, for appellant.

Messrs. M. Y. JOHNSON, for appellees.

WELCH, J.    This case was before this court in December, 1883, and is reported in 14 Ill. App. 327, when the full meas-

ure of relief prayed for was granted the appellant. The appellees took an appeal to the Supreme Court. The Supreme Court modified the decree of this court, and remanded the case to the Circuit Court for further proceedings in conformity to its opinion, 116 Ill. 55. We refer to this opinion for a statement of the case.

Appellees filed their motion to dismiss this appeal, assigning various reasons therefor. We overruled the motion to dismiss the appeal, deeming the reasons insufficient. Appellees, after the overruling of their motion to dismiss, filed their brief to the merits of the case. There is but one question now involved in this case on the part of the appellant, and that is whether the Circuit Court gave the appellant credit for what, under the opinion of the Supreme Court, he was entitled to. " The proportional share of the eight bonds for which complainant (appellant) subscribed, in the mortgage security and the avails of it, is what we think complainant is entitled to have; and that he is entitled to have the value of such proportional share credited and allowed upon the judgment, and that such is the full measure of relief in this respect."

Appellant complains of the decree only in this respect: he claims that the Circuit Court found that value too small, and credited too little on the judgment in that respect. No cross-errors are assigned. Justice Sheldon, in the decision of the Supreme Court, says: " The inability to furnish the bonds has come through the company's default, and it should answer in respect of it upon the judgment, as it is the only mode in which it can be made to respond for the consideration of it." " It is no benefit to complainant to have the bonds *in specie*. They are of themselves, independent of the mortgage security, worthless. It is only their value, which, in an equitable view, complainant is entitled to have. This is not necessarily the face value of the bonds, or the price at which they were subscribed for." "The company is, we think, under a no more rigorous responsibility than would come from a conversion of the bonds, considering them as held in trust for complainant, at the time the company disposed of

them, or became unable to deliver them." "All the value
the bonds ever had, so far as appears, consisted in the mort-
gage security given for their payment. This mortgage has
been foreclosed, and the mortgaged property bought in, in
satisfaction of the bonds the mortgage was given to secure,
these bonds for which complainant subscribed being among
them, they entering in and forming part of the decree of
foreclosure." The mortgage sale took place May 3, 1879.
At that time, as shown by the testimony of Richard Barret
and Frederick Stahl, the two presidents of said railroad com-
pany, there had been built and put in operation about forty
miles of railroad. This much had been constructed prior to
the election of Stahl as its president. It was from Galena to
Plattsville Junction, thence to Plattsville, and about eight
miles from the junction on the line to Montfort. The items
that went into its construction and equipment were $100,000
of cash subscriptions, $57,000 of city bonds, the proceeds of
$360,000 bonds of the company, being $234,000.

In addition to the cash and bonds that went into the con-
struction and equipment of this railroad were gifts of the
right of way and depot grounds. That it was worth $10,000
per mile. Barret also states: "There were no bonds to be
delivered to the complainant after June 18, 1878, for on that
day all the bonds that were left were deposited in the National
Bank of Galena, as security for the debts of the company.
After that I know of no way in which he could have obtained
the bonds he subscribed for by paying for them." Appel-
lant insists that the 18th of June, 1878, is the date at which
the value of the eight bonds must be ascertained. He claims
that that was the day the railroad company disposed of them,
to its own use, and thereafter became unable to deliver them to
him.

The court took April, 1880, as the time at which to fix the
value of the bonds, that being the time when the Chicago &
Northwestern Railway Company purchased from the new
company organized after the foreclosure sale. We are of
opinion that in this the court erred, if it is true, as stated by
Barret—"There were no bonds to be delivered to the com-
plainant after June 18, 1878, for on that day all the bonds

Ennor v. Galena & Southern Wisconsin R. R. Co.

that were left were deposited in the National Bank of Galena as security for the debts of the company. After that I know of no way in which he could obtain the bonds he subscribed for by paying for them." Under the rule announced by the Supreme Court in this case, the value of the bonds should have been fixed at the time the company disposed of them or became unable to deliver them. Barret states that at the time complainant subscribed for the eight bonds " I certainly thought they were worth $650 each. I have no doubt that they were worth that sum on June 18, 1878." At that time, as shown by the evidence, all of the bonds had been sold or hypothecated at 65 cents on the dollar of their face value. The appellant was entitled to a credit on the judgment of $5,668 against him in favor of the Galena & Southern Wisconsin Railroad Company of the amount received by said railroad company for the eight bonds subscribed for by the appellant, and converted by said railroad company to its use. In our opinion the amount so received was 65 cents on the dollar of the principal sum thereof of the eight bonds of $1,000 each, subscribed for by the appellant, making the sum to which appellant was entitled, a credit for said bonds on said judgment of $5,200.

Appellant, under the decision of the Circuit Court, was only given a credit on said judgment, for said bonds, of the sum of $2,560, when, as we hold, he should have been credited with the sum of $2,640 in addition to the sum of $2,560 credited on said judgment for said bonds. Crediting him with this amount on said judgment for said bonds, together with the other credits allowed him in the decree of the Circuit Court, to which no cross-errors are assigned, it more than pays off and satisfies said judgment.

For the errors herein indicated, the decree is reversed and remanded with directions to enter an additional credit of $2,640 on said judgment of the same date as the credit of $2,560 heretofore made, these two sums together making the 65 cents on the dollar on the principal sum of said bonds. And an order be made that the judgment be perpetually enjoined.

*Decree reversed and cause remanded with directions.*